BENTON TOWNSHIP ET AL., APPELLANTS, *v.* WILLIAMS, DIRECTOR, ET AL., APPELLEES.

[Cite as Benton Township v. Williams (1976), 47 Ohio App. 2d 305.]

(No. 76AP-50—Decided February 12, 1976.)

*Messrs. Kline, Corogin & Cottrell,* for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. E. Dennis Muchnicki,* for appellee Ned E. Williams, director of environmental protection.

*Mr. Charles R. Jones,* for appellee environmental board of review.

WHITESIDE, J. This appeal from a decision of the environmental board of review overruling a motion for a

stay order is before this court upon the motion of appellants "for an order granting them a stay of execution of the orders of the director of the environmental protection, issued against them on October 24, 1975, pending an exhaustion of appeals by such appellants."

R. C. 3745.06 provides that this court may grant a suspension of the execution of the order of the environmental board of review upon the appeal of such order to this court if unjust hardship will result from an execution of same pending such appeal. However, there is no statutory authority for this court to stay or suspend the action of the director of environmental protection which is sought by the motion herein. Such authority is vested in the environmental board of review by R. C. 3745.04, and it is not restricted thereby to granting stays only where unjust hardship will result.

We recognize that the environmental board of review has denied a stay, and the appeal herein is from such denial. A suspension of the board's action would merely leave the issue of the stay undetermined and would not afford affirmative relief to appellants.

There is a question as to the appealability of the denial of a stay by the board since the action would appear to be interlocutory, rather than a "final order or action" as required by Section 3, Article IV, Ohio Constitution, despite appellees' concession of appealability. Parties cannot confer jurisdiction upon this court by agreement. Furthermore, the granting of the requested stay would in effect constitute an interim reversal of the denial of the stay by the board, rather than a stay or suspension of the board's "order."

Accordingly, the requested stay is denied as being inappropriate upon appeal. The only proper stay or suspension that could be granted by this court would be of the order of the board appealed from.

*Motion for stay denied.*

HOLMES and REILLY, JJ., concur.